J-S05003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EUGENIA VALENTE, | |
| Appellant | No. 1280 MDA 2016 |

Appeal from the Judgment of Sentence Entered July 6, 2016
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s):
CP-35-CR-0002513-2015
CP-35-CR-0002514-2015
CP-35-CR-0002523-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 03, 2017**

Appellant, Eugenia Valente, appeals from the judgment of sentence of an aggregate term of 12 to 36 months' incarceration, followed by 6 years' probation, imposed after she pled guilty in three separate cases to various offenses.  On appeal, Appellant solely challenges certain discretionary aspects of her sentence.   After careful review, we affirm.

Briefly, Appellant's charges stemmed from her entering the homes of three different individuals and stealing jewelry from two of the homes, and a

_____

[*] Retired Senior Judge assigned to the Superior Court.

purse containing $200 in cash from the other residence.[1]  Based on this conduct, Appellant was charged, in three separate cases, with two counts of burglary, 18 Pa.C.S. § 3502(a)(1); two counts of criminal trespass, 18 Pa.C.S. § 3503(a)(1)(i); three counts of theft by unlawful taking, 18 Pa.C.S. § 3921(a); and three counts of receiving stolen property, 18 Pa.C.S. § 3925(a).

On April 11, 2015, Appellant entered guilty pleas, in all three cases, to one count of theft by unlawful taking and two counts of criminal trespass; the remaining charges were *nolle prossed*.  Appellant's sentencing hearing was deferred for the completion of a presentence investigation report (PSI). On July 6, 2016, the court sentenced Appellant to serve consecutive terms of 4 to 12 months' incarceration, plus 2 years' probation, in each of her three cases.  Thus, Appellant's aggregate sentence totaled 12 to 36 months' incarceration, followed by 6 years' probation.

Appellant filed a timely post-sentence motion, which the court denied. She then filed a timely notice of appeal, and also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  The court filed a responsive opinion on September 27, 2016.  Herein, Appellant presents two issues for our review:

---

[1] For a more detailed recitation of the facts in each of Appellant's three cases, **see** Trial Court Opinion (TCO), 9/27/16, at 2-3.

- 2 -

A. Whether the sentences imposed were unduly excessive and harsh[?]

B. Whether the sentencing court relied on impermissible factors, such as the number of victims and on the fact that Appellant failed to rehabilitate when her relapse was due to being prescribed by her doctor narcotic pain killers for injuries she sustained in an automobile accident when imposing sentence[?]

Appellant's Brief at 4.

Appellant's two issues are interrelated, and therefore, we will address them together. Both of her claims challenge the discretionary aspects of her sentence. It is well-settled that,

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1)

inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912–13.

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)).

In this case, Appellant filed a timely notice of appeal. Additionally, our review of the record demonstrates that she sufficiently preserved her issues in her timely-filed post-sentence motion, despite the Commonwealth's argument to the contrary. We acknowledge that Appellant did not phrase her claims precisely the same as she does herein. However, she adequately indicated in the post-sentence motion that she was challenging her sentence as being excessive, and also claiming that, in fashioning her sentence, the court erred by relying on the number of victims, and on her failure to rehabilitate. Accordingly, we conclude that Appellant sufficiently preserved her sentencing claims before the trial court.

Appellant has also included a Rule 2119(f) statement in her appellate brief. Therein, she contends that the court erroneously imposed sentences in the aggravated guideline range, where the circumstances of her case "were neither so unique nor egregious" as to warrant a deviation from the standard guideline ranges. Appellant's Brief at 9. Appellant also claims that the court improperly relied on "the number of victims … to justify the departure from the standard range sentence[,]" despite that "she was sentenced on each individual charge…." *Id.* We consider Appellant's arguments as presenting substantial questions for our review. *See*

*Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011) ("A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question."); *Commonwealth v. Bowen*, 975 A.2d 1120, 1122 (Pa. Super. 2009) (finding a substantial question raised where the appellant contended that the court relied on an impermissible factor in imposing an aggravated range sentence) (citation omitted).

Before addressing the merits of Appellant's claims, we note that,

[i]n reviewing the decision of the sentencing court, our standard of review is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa. Super. 1999) (*en banc*) (quotations and citations omitted). **"A sentencing court may consider any legal factor in determining that a sentence in the aggravated range should be imposed."** *Commonwealth v. Stewart*, 867 A.2d 589, 592–93 (Pa. Super. 2005) (citing *Commonwealth v. Duffy*, 341 Pa. Super. 217, 491 A.2d 230, 233 (1985)). "In addition, the sentencing judge's statement of reasons on the record must reflect this consideration, and the sentencing judge's decision regarding the aggravation of a sentence will not be disturbed absent a manifest abuse of discretion." *Id.* at 593.

*Bowen*, 975 A.2d at 1122 (emphasis added).

Here, Appellant complains that the court imposed a manifestly excessive, aggravated range sentence by relying on two impermissible factors - the number of victims, and her failure to rehabilitate.[2] Notably, Appellant makes no argument that these were not *legal* factors for the court to consider. *See id.* Rather, she simply contends, without citation to any authority, that the "court's focus on the number of victims was in error and [was] an abuse of discretion since she received separate sentences for each charge[,]" and that the court completely failed to consider her successful completion of "treatment court[,]" which contradicts its determination that she was unable to rehabilitate. Appellant's Brief at 13.

Appellant's legally unsupported arguments do not convince us that the court abused its wide discretion in fashioning her sentence. As the court explains in its opinion, it

> stated on the record the reasons for the [s]entence imposed upon [Appellant]. The [c]ourt ordered a [p]resentence [i]nvestigation [r]eport and reviewed it thoroughly. N.T. Sentencing, July 6, 2016, p. 10. As such, the [c]ourt was aware of [the] relevant information regarding the character and background of [Appellant]. Further, both [Appellant] and her attorney had the opportunity at sentencing to inform this [c]ourt of additional information they wanted considered. *Id.* [at] 4-10. The [c]ourt specifically said that [Appellant] was not being sentenced for relapsing, she was being sentenced for the crimes

---

[2] Appellant did not raise, in her Rule 2119(f) statement, her argument that the court erred by relying on her failure to rehabilitate. However, the Commonwealth has not specifically objected to this omission and, therefore, we will not deem Appellant's claim waived on that basis. *See Commonwealth v. Roser*, 914 A.2d 447, 457 (Pa. Super. 2006).

that she committed whether or not she was on drugs. *Id.* [at 10.] The [c]ourt considered that there were three separate victims of Appellant's crimes. *Id.* Moreover, the [c]ourt considered the fact that [Appellant] has a history of stealing dating back to the 1980s. [*Id.*] The [c]ourt noted that [Appellant] has been given rehabilitative opportunities in the past, but that was not enough to deter [her] conduct. [*Id.*]

TCO at 10.

The court's explanation for the sentence it imposed demonstrates that it did not abuse its discretion. Again, Appellant cites no case law to support her claim that it was improper for the court to consider the fact that she victimized three separate individuals. Moreover, the court heard lengthy discussions by both Appellant and her attorney regarding her history of drug treatment, which they argued proved that Appellant "could stay clean and sober." N.T. Sentencing, 7/6/16, at 5. Notwithstanding these arguments, the court concluded that Appellant's continued criminal conduct demonstrated that "rehabilitation in and of itself has not worked to deter [her] from future crimes…." *Id.* at 10. Additionally, the court stressed that Appellant's criminal "history shows that [she has] stolen in the past, going back to 1987 right to 2015." *Id.* Ultimately, the court determined that aggravated range sentences were appropriate based on Appellant's victimizing three separate individuals, her continued criminal conduct despite the opportunities she had been given to rehabilitate herself, and her lengthy criminal history. Appellant has not convinced us that the court abused its discretion in this sentencing decision.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/3/2017